# RUGGLES v. ASH.

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

In an interference involving the invention of a combined drier and mixer such as is used in preparing bituminous road surfacing, but that may be used to dry and mix other material, it was *held* that a machine built by one of the parties did not constitute a reduction to practice of the invention of the issue, where it appeared that it was built for the purpose of making cement from limestone and shale, and that it contained at the delivery end what, until the interference was declared, was called a "discharge spout," and that, although the

witnesses in behalf of such party testified that this so-called dis-
charge spout actually mixed the material that passed through it,
it was evident that as a matter of fact whatever mixing resulted
was merely incidental.

No. 1003. Patent Appeals. Submitted January 13, 1916. Decided February
7, 1916.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference proceeding.        *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles H. Duell, Mr. F. P. Warfield, Mr. H. S. Duell,*
and *Mr. T. J. Johnston* for the appellant.

*Mr. A. W. Calver* and *Mr. George O. G. Coale* for the ap-
pellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from concurrent decisions of the Patent Office
tribunals in an interference proceeding awarding priority of
invention to the senior party, Horace W. Ash.

The invention embodies a combined drier and mixer, such
as is used in preparing bituminous road surfacing, but that may
be used to dry and mix other material. The claims are two
in number, and read as follows:

"1. A drier drum, a mixer drum, a common wall between
said drums having a discharge opening therein, means to dis-
charge material from said drier drum to said mixer drum
through said opening, means to convey material from the feed
end of said drier drum to a point adjacent said common wall,
means to deliver said material from said point to said discharge
means.

"2. A receptacle adapted to dry material, said receptacle
having a discharge opening in a transverse wall and an extended

portion surrounding said opening, means whereby, upon rotation of said receptacle, material is conveyed from the feed end of said receptacle to a point adjacent said discharge opening, means adapted to discharge material through said opening into said extended portion, means to deliver said material from said point to said discharge means, means adapted to heat said receptacle, and means to rotate said receptable and thereby mix material in the extended portion of said receptacle."

In the summer of 1909 appellant, William B. Ruggles, installed a machine for the purpose of making cement from limestone and shale. If this machine constituted a reduction to practice of the counts of the issue, appellant should prevail; if it did not, the Patent Office was right in awarding priority to the appellee. Owing to the importance of the invention and the very earnest and forceful presentation of appellant's case, we have examined the record with unusual care. Nevertheless, we are impelled to the conclusion that the Patent Office was right. Briefly stated, appellant's cement making machine was composed of a rotary dryer 35 feet long, at the delivery end of which was attached what, until the declaration of this interference, was denominated "a discharge spout" $3\frac{1}{2}$ feet long, $20\frac{1}{2}$ inches in diameter at the point of connection, and 36 inches in diameter at the discharge end, *which was open.* While appellant's witnesses testified that this so-called discharge spout actually mixed the material that passed therethrough, we agree with the Patent Office that whatever mixing resulted was merely incidental. In other words, taking into consideration the original attitude of the appellant with reference to this device, its peculiar construction and the manner of its use, we are satisfied, as was the Patent Office, that the thing which now is called a mixer was intended for and was in fact merely "a discharge spout."

The decision must be affirmed.  *Affirmed.*